IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DARLENE WEAVER<br>*Plaintiff,*<br><br>v.<br><br>SN SERVICING CORPORATION | §<br>§<br>§<br>§    CIVIL ACTION NO. 5:21-cv-522<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Defendant, SN Servicing Corporation ("SN Servicing"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the 438th Judicial District Court of Bexar County to the United States District Court for the Western District of Texas, San Antonio Division. The grounds for removal are as follows:

### I. STATE COURT ACTION

1. Plaintiff commenced this action by filing an Original Petition (the "Complaint") on April 30, 2021, in the 438th Judicial District Court of Bexar County, and the case was docketed at 2021CI08617 (the "State Court Action"). Plaintiff alleges that on November 21, 2006, Plaintiff and her now deceased husband purchased property located at 5206 King Edwards St., San Antonio, Texas 78229 (the "Property"). Plaintiff retained a realtor to assist her with a "short sell". Plaintiff believes that Defendant offered a "deed in lieu" arrangement, however the offer from Defendant was not conveyed to Plaintiff by her realtor. Plaintiff contends that she has a buyer for the Property. Plaintiff asserts one cause of action: common law fraud. Plaintiff seeks actual damages, an award of attorney's fees and costs, pre-judgment and post-judgment interest on all sums awarded, and injunctive relief preventing Defendant from foreclosing on the Property.

2. Copies of the Complaint and summons were never served upon Defendant. Plaintiff secured an ex-parte restraining order on April 30, 2021, and forwarded the restraining order to counsel for Defendant in order to stop a foreclosure sale scheduled for May 4, 2021. True and correct copy of the Complaint is attached hereto as **Exhibit "2."**

3. Plaintiff sought a Temporary Restraining Order & Order Setting Hearing for Temporary Injunction ("TRO"). On April 30, 2021, the presiding judge entered a TRO and set a hearing on Plaintiff's Application for Temporary Injunction for May 17, 2021. A copy of the TRO entered on April 30, 2021, as well as all other orders signed by the state judge are attached hereto as **Exhibit "3."**

4. Under 28 U.S.C. §1446(b), this Notice of Removal must be filed within thirty days of the service of the Complaint and summon. Defendant was not served with citation or a copy of the Complaint. Rather, a copy of Plaintiff's Original Petition and the Temporary Restraining Order were emailed to counsel for SN Servicing on May 5, 2021, at 11:18 a.m. SN Servicing timely files this Notice of Removal on June 2, 2021. *See George-Bauchand v. Wells Fargo Home Mortg., Inc.* 2010 WL 5173004, at *4 (S.D.Tex. Dec. 14, 2010) (finding that in the absence of service of citation, the deadline to remove case began to run upon defendant filing an answer). SN Servicing filed its Original Answer in the State Court proceeding prior to filing this Notice of Removal.

5. Plaintiff has not requested a jury trial in the State Court Action.

## II. PROCEDURAL REQUIREMENTS

6. Defendant attaches the following in support of this Notice of Removal:

   a. A Civil Cover Sheet (**Exhibit 1**);

   b. Pleadings asserting causes of action, e.g. petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (**Exhibit 2**);

  c. All orders signed by the state judge (**Exhibit 3**);

  d. A copy of the State Court's Docket Sheet (**Exhibit 4**);

  e. An index of matters being filed (**Exhibit 5**);

  f. A list of all counsel of record, including addresses, telephone numbers, and parties represented (**Exhibit 6**);

  g. Records of property value, Bexar County Appraisal District (**Exhibit 7**);

  h. Disclosure Statement and Certificate of Interested Parties (**Exhibit 8**).

These documents are arranged in chronological order according to the state court file date.

  7. Concurrent with the filing of this Notice, SN Servicing is serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the 438th Judicial District Court of Bexar County.

  8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(d)(4) and 1441(a), because the United States District Court for the Western District of Texas, San Antonio Division is the federal judicial district embracing the 438th Judicial District Court of Bexar County, Texas, where this action was originally filed.

  9. SN Servicing is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit "8."**

  10. SN Servicing reserves the right to assert any defenses and/or objections to which they may be entitled.

### III. BASIS FOR REMOVAL JURISDICTION

  11. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

12. The Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) if the plaintiffs are not citizens of the same state as the defendants and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017 (1990).

**A. Plaintiffs and Defendants are Citizens of Different States.**

13. For purposes of diversity, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning to whenever he is absent there from. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Plaintiff is a citizen of Texas because that is where she is domiciled.[1]

14. SN Servicing Corporation is an Alaska limited liability company whose principal place of business is 323 Fifth Street, Eureka, CA 95501. SN Servicing Corporation is therefore a citizen of Alaska and California for the purpose of assessing diversity jurisdiction. *See* 28 U.S.C. §1332(c)(1).

15. Accordingly, the parties are completely diverse for purposes of 28 U.S.C. § 1332(a)(2).

**B.    Amount in Controversy Exceeds 75,000.00**

14. Although Plaintiff's petition states that she seeks only monetary relief of $50,000.00 or less, removal is proper where a defendant can show by a preponderance of the evidence that the amount in controversy is greater than $75,000.00. "The test is whether it is more likely than not that the amount of the claim will exceed the jurisdictional minimum." *St. Paul*

---

[1] *See* Exhibit 2 at p. 2.

*Reinsurance Co. Ltd. V. Greenburg*, 134 F.3d 12250, 1253 n.13 (5th Cir. 1998). A defendant can meet this burden if other evidence shows the amount in controversy is more likely than not to exceed $75,000.00. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.2d 720, 723 (5th Cir. 2002).

15. Plaintiff seeks injunctive relief.[2] "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Also see Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 346 (1977) and *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

16. In this case, the object of this litigation – the Property – is currently appraised at $262,360.00 according to the Bexar County Appraisal District.[3] Therefore, based on the value of the relief sought by Plaintiff in her original petition and application for injunctive relief, and, in addition, the actual damages and attorney's fees and costs sought in Plaintiff's petition, the amount in controversy is in excess of $75,000.00. *See Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002)("…when there is state statutory authority for the court to award attorney's fees…such fees may be included in the amount of the controversy.").

## V. CONCLUSION

17. The Court may exercise diversity jurisdiction under 28 U.S.C. § 1332 because of complete diversity of the parties and plaintiff's damage claims exceed $75,000.00.

---

[2] *See* Exhibit 2 at pp. 3-4.
[3] A printout from the website maintained by the Bexar County Appraisal District is attached as Exhibit 7.

## V. CONCLUSION

13. For the foregoing reasons, Defendant, SN Servicing respectfully asks this Court to accept this Notice of Removal, that further proceedings in the State Court Action be discontinued and that this suit be removed to the United States District Court for the Western District of Texas, San Antonio Division.

Dated: June 2, 2021.

Respectfully submitted,

**HUGHES WATTERS ASKANASE, LLP**

By: _/s/ Damian W. Abreo_
Damian W. Abreo
Texas Bar No. 24006728
Total Plaza
1201 Louisiana Street, 28th Floor
Houston, Texas 77002
(713) 759-0818 (Telephone)
(713) 759-6834 (Facsimile)
dabreo@hwa.com (E-mail)

**ATTORNEY FOR DEENDANT,
SN SERVICING CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal was forwarded to all parties and/or their attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this the 2nd day of June, 2021, addressed as follows:

*Via Electronic Service at rsrjr04@hotmail.com*
RODRIGUEZ & GARZA, P.L.L.C.
Ramon S. Rodriguez, Jr.
247 W. Olmos Dr., Suite 200
San Antonio, Texas 78212

**ATTORNEY FOR PLAINTIFF**

_____
Damian W. Abreo